BENOIT BENDER and Others, Individually and as Copartners, Trading under the Firm Name and Style of H. BENDER & SONS, Appellants, v. " SAMUEL " BLOOM, First Name " SAMUEL " Being Fictitious, and Another, Individually and as Copartners Doing Business as BLOOM & THORNER, and Another, Respondents.

First Department, May 25, 1928.

Arbitration — submission — parties proceeded as upon statutory arbitration — necessary to comply strictly with statute (Civil Practice Act, § 1449) to confer jurisdiction — submission was not acknowledged or proved and certified — court acquired no jurisdiction — question of waiver was brought to court's attention on reargument and could have been considered — arbitration having been agreed to during pendency of action, leave should be applied for by defendant to serve supplemental answer setting out submission and adjudication.

This is an appeal from a judgment entered upon the confirmation of an award made by arbitration. The submission to arbitration was not acknowledged or

proved and certified, as required by section 1449 of the Civil Practice Act. The submission was made in an action already pending, as part of the proceedings, and thus constituted a statutory submission to arbitration subject to formal requisites.

Accordingly, since the submission did not conform to the statute, the court did not acquire jurisdiction to enter any judgment pursuant to the award.

The question of waiver was specifically brought to the court's attention on reargument, and since this defect appeared on the original argument, it could have been disposed of on the reargument.

The arbitration having been agreed to during the pendency of an action, leave should be applied for by the defendant, if advised, to serve a supplemental answer setting out the submission and adjudication as matters occurring between the parties subsequent to the beginning of the action, so that enforcement of the award in the action may be decreed.

APPEAL by the plaintiffs from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 5th day of July, 1927, and from a judgment entered in said clerk's office on the 25th day of May, 1927, and also from an order entered in said clerk's office on the 17th day of May, 1927.

*Meyer Levy*, for the appellants.

*Louis H. Solomon*, for the respondents.

McAVOY, J.   The order now here confirmed an award of arbitrators.   Judgment was entered thereon, and the appeal is from that judgment, the order allowing it, and the order refusing relief on reargument.

The point raised is that the award is unenforcible under the statutory provisions regulating arbitral matters, because the submission to arbitration was not acknowledged.

The defendants contend that the instrument here is not a deed of submission requiring acknowledgment within the ruling case of *Matter of Buckley* v. *Lippmann* (223 N. Y. 539), but is enforcible as a simple contract.   If the right is based on the contract, its method of enforcement would be by common-law action on the award.   To proceed as here, formal compliance with the statutory mode is imperative.

It is not disputed that the submission was never acknowledged or proved or certified as a deed to be recorded.   The submission was signed by the defendant Thorner, but by only one plaintiff, a Mr. Bender.   Neither of the individual plaintiffs, Herman or Michael Bender, signed the paper.   The judgment was entered against all the plaintiffs individually.   The submission to arbitration was made in an action already pending in the Supreme Court, as part of the proceedings, and provided for the entry of a judgment in the action and thus constituted a statutory submission to arbitration subject to formal requisites.

Section 1449 of the Civil Practice Act provides that a submission shall be in writing, duly acknowledged or proved, and certified, in like manner as a deed to be recorded. Failure to carry out this prescription deprived the court of jurisdiction to enter any judgment pursuant to the award.

The question of waiver was specifically brought to the court's attention on reargument. It was necessary that it be considered. Since this defect appeared on the original argument, it could have been disposed of on the reargument. This arbitration having been agreed to during the pendency of an action in court, leave should be applied for by defendant, if advised, to serve a supplemental answer setting out the submission and adjudication by the arbitrators as matters occurring between the parties subsequent to the beginning of the action, so that enforcement of the award in the action may be decreed.

The judgment and order of confirmation, and the order on reargument so far as appealed from, should be reversed, with costs, and the motion for confirmation of award denied, on the ground that there was no valid submission to arbitration made by the parties, for lack of compliance with the provisions of the statute requiring acknowledgment of such submission.

Dowling, P. J., Merrell, Finch and Proskauer, JJ., concur.

Judgment and order of confirmation, and the order of July 5, 1927, so far as appealed from reversed, with costs, and the motion for confirmation of award denied.